UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:20 CR 114 |
| | ) | |
| KADEEM FRYER | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Michael J. Toth, Assistant United States Attorney, and submits its Sentencing Memorandum. For the reasons set forth below the government requests a sentence of 33 months imprisonment followed by supervised release for a term in the Court's discretion.

I. Sentencing Guidelines and Sentencing Law

Pursuant to the U.S. Sentencing Guidelines Section 5K1.1, the government has filed a separate motion under seal asking for imposition of a sentence below the applicable guideline range. Under the advisory Sentencing Guidelines, Fryer's final adjusted offense level is 23 and his criminal history category is I. This results in an advisory guideline imprisonment range of 46 months to 57 months. From this advisory

1

guideline range, the government is requesting a downward variance under U.S.S.G. §5K1.1 of three (3) levels, resulting in a guideline range of 33 months to 41 months incarceration.

The government, based on the U.S. Sentencing Guidelines and 18 U.S.C. § 3553, believes a final sentence of 33 months imprisonment, the minimum of the advisory guidelines, is a reasonable, fair, and appropriate sentence taking into consideration all circumstances.

The Court must take into account the factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (4) the pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; (6) the need to provide restitution to victims; and (7) the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

Based upon the Section 3553 factors, sentence of 33 months

imprisonment is a fair and reasonable sentence under all circumstances.

## II. Application of the § 3553(a) Factors

### A. The Nature and Circumstances of the Offense

In this case, the defendant illegally purchased at least 27 firearms over the course of 15 months from federal firearm licensed gun dealers. As a straw purchaser, Fryer provided these firearms to multiple other people, some of whom used them for additional criminal conduct.

The nature and circumstances of this case support a sentence of 33 months imprisonment followed by a term of supervised release in the Court's discretion.

### B. History and Characteristics of the Defendant

As is set forth in the presentence report, the defendant has no prior criminal history. PSR ¶¶ 41 – 47.

Regarding the defendant's personal history, the defendant was born in 1996 in Hazel Crest, Illinois, to his non-married parents. He was primarily raised by his mother in Hammond, Indiana, and his father did not have a significant presence in the defendant's life. PSR ¶ 50. The defendant has sporadic contact with his father, whom has been in and out of jail most of his life, and has an "excellent" relationship with his mother. PSR ¶¶ 52 – 53.

The defendant has four siblings, one of whom he has daily contact and a good relationship, two of whom he has sporadic contact with, and one with whom he has no contact. PSR ¶¶ 54 – 59. The defendant is married and has a son with his wife, plus his wife has two additional children that reside with him. He also has a daughter from a previous relationship. PSR ¶¶ 60 – 63.

The defendant is five feet and eleven inches tall, weighing 230 pounds. He has at least 18 tattoos. He reports being in overall good health except from asthma and some food allergies. PSR ¶¶ 66 – 73. As for his mental health, he reported being diagnosed with ADHD in second grade. His mother added that he also has a "learning disability" and that he is a "hands-on learner." PSR ¶¶ 74 – 76.

The defendant reported he began drinking at age 20 and is a social drinker. He first tried smoking marijuana at age 17 and smoked several times a week until his child was born, at which time he quit. PSR ¶¶ 78 – 79.

The defendant dropped out of high school in the 12th grade and never completed his GED. His mother reports that he was in special education classes for reading and comprehension. He was often bullied. PSR ¶¶ 81 – 82.

The defendant has a solid employment history in automotive assembly at various locations from 2019 – 2020, having worked at Wabash National, Subaru, and now Ford.  PSR ¶¶ 84 – 88.  When balancing the aggravating and mitigating factors of the criminal and personal history and characteristics of the defendant, the government believes a sentence of 33 months imprisonment is a fair and reasonable sentence under all circumstances.

C.  Deterrence, Just Punishment, Protection of the Public, and Seriousness of the Offense

The defendant committed the offense of making a false and fictitious statement to a federally licensed firearms dealer.  While some may make this offense out to be a "status" crime, or "paperwork" crime, it has serious implications as almost 27 firearms ended up in the hands of other criminals and involved in criminal activity. While his cooperation should be commended and awarded, protection of the public, just punishment, and deterrence militate in favor of a sentence of 33 months imprisonment. Such a sentence is fair and reasonable under all Section 3553 factors.

III.   Conclusion

For the reasons set forth above, the government requests a sentence of 33 months imprisonment followed by supervised release for a term in the Court's discretion.

                                              Respectfully submitted,

                                              CLIFFORD D. JOHNSON
                                              UNITED STATES ATTORNEY

                                              /s/Michael J. Toth
                                              Michael J. Toth
                                              Assistant United States Attorney
                                              5400 Federal Plaza, Suite 1500
                                              Hammond, Indiana 46320
                                              Tel:   (219) 937-5500
                                              Fax:  (219) 852-2770
                                              E-mail:   michael.toth@usdoj.gov